# Exhibit B

**Class and Settlement Notice**

NOTICE OF CLASS ACTION, CLASS SETTLEMENT AND HEARING

RE: *McKibben, et al., v. McMahon, et al.,* Case No.14-2171-JGB-SP, United States District Court, Central District of California

Esta Notificación de acción colectiva está disponible en español. Llame sin cargo al: **1-_____** o visite el siguiente sitio web: **www._____.com.**

There is currently pending a class action lawsuit in the United States District Court, Central District of California. The Court has certified the case as a class action. If the proposed Settlement receives final court approval, CLASS MEMBERS are eligible to receive money.

**If you were housed in the Alternative Lifestyle Tank (hereafter "ALT") of the West Valley Detention Center (a San Bernardino County jail) between October 22, 2012 and March 31, 2018,**

**You may be a CLASS MEMBER and entitled to receive MONEY but**

**only if you take action and file a claim.**

The class action lawsuit filed in 2014, challenged the treatment of gay, bisexual and transgender inmates who were housed in the ALT. A preliminary settlement has been reached that calls for both modifying what Plaintiffs alleged was discriminatory treatment, and providing a compensation fund.

San Bernardino County records show that **you may be a CLASS MEMBER.** Therefore, **you may be eligible to receive MONEY from the Settlement**. The average recovery exceeds $1000 even if all class members file claims (but varies greatly based on time in custody and other factors addressing the degree of discriminatory treatment). In order to receive any money in this Settlement, **you must fill out and mail a Claim Form**.

**Your Claim Form**
must be **postmarked** or received by the Administrator
no later than _____, 2018.

**If you wish to "opt out," or be excluded from the Settlement, your opt-out letter must be postmarked or received by the Administrator by _____, 2018.**

Even if you do not submit a Claim Form or opt out of the Settlement by the above deadline, you will be bound by the terms of the Settlement.

**If You Wish to Claim Your Share of the Settlement Money,**

**Fill Out and Mail the Enclosed Claim Form Today.**

Below are questions and answers designed to explain information about this lawsuit, including how to proceed to file a claim or otherwise participate in the Settlement process.

1. **What Is The Class Action Lawsuit About?**

This lawsuit challenged the treatment of gay, bisexual and transgender ("GBT") inmates who were housed in the ALT. The lawsuit claimed that GBT inmates were discriminated against in various ways, including, among other things, that GBT inmates 1) were automatically placed in the ALT if they self-identified as GBT; 2) would have been at risk for their safety if admitted to the general population as openly GBT inmates because the San Bernardino County Sheriff's Department did not have plans or programs to ensure their safety; 3) had no or inadequate PREA programs in place to protect GBT inmates or address particular vulnerabilities of GBT inmates placed in the general population; 4) were limited in their time-out-of-cell generally to an hour and a half per day, and often less, in contrast to similarly situated (by classification or sentencing status) general population inmates; 5) were denied the same work opportunities that were provided to similarly situated (by classification or sentencing status) general population inmates; 6) were denied the same programming opportunities[1] that were provided to similarly situated (by classification or sentencing status) general population inmates; and 7) were denied a comparable range of religious services to those available to the general population.

2. **Who Is A Member Of The Damages Class Entitled To Money?**

You are a member of the Damages Class if you were housed in the ALT between October 22, 2012 and March 31, 2018. The extent of your compensation is based on a formula that weighs various conditions that applied to ALT residents. It is described further in #7 below. Whether you are a class member is determined **solely** from the records of the San Bernardino County Sheriff's Department.

3. **What Is The Purpose Of This Notice?**

You have a right to know about a proposed Settlement of this class action lawsuit and about all your options before the Court decides whether to give final approval to the Settlement. Your rights may be affected by this lawsuit.

This information is being sent to everyone who has been determined to be a member of the class based upon the last known address available from the San Bernardino County Sheriff's Department records, and is otherwise being publicized to reach class members.

---

[1] Programming opportunities include classes in anger management, thinking for change, living skills, parenting skills, substance abuse prevention, GED preparation, high school diploma, literacy, automobile mechanics, bakery occupations, culinary/reading enrichment, computer skills, HVAC training, fire camp vocational training, employment readiness, and re-entry services.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible and how to file a claim.

The Court in charge of the case is the United States District Court for the Central District of California, located in Riverside, California.  The case is known as *McKibben, et al. v. McMahon, et al.,* Case No.14-2171-JGB-SP. The people who brought the case are called Plaintiffs, and the people they sued are called Defendants. The Judge is The Honorable Jesus Bernal.

### 4. Why Is This A Class Action?

In a class action, one or more persons, called the Class Representative(s), sue on behalf of a group of people who have similar claims – the Class Members.  One court then resolves the issues for all Class Members, except for those who exclude themselves from the class.

### 5. Why Is There A Settlement?

The Court rejected the Defendants' motion to dismiss the case, after which the parties began to discuss possible settlement and to engage in discovery. With the help of a retired judge who acted as a mediator, there were settlement discussions over many months. Because, when the case was filed, the primary concern of the people who represented the class (present or former ALT inmates) was to change the conditions of the ALT, that was the focus of discussion for several months. After that, the parties turned to discussion of compensation for the Class Representatives and the class members, and to attorney's fees (all of which are paid by Defendants).

Instead of continuing the litigation, both sides have agreed to a Settlement.  That way, both sides are able to avoid the risks and costs of a trial regarding the injunctive relief and damages to which class members may be entitled, or an appeal from any such decisions by a court; the case can be resolved immediately; and the benefits of the Settlement can be made immediately available to the Class Members.  The Class Representatives and their attorneys think that the proposed Settlement is fair to the Class Members and the parties in the case, and think that the terms of the Settlement are a fair, reasonable and adequate resolution of this matter.

### 6. Are There Lawyers Representing You?

The Court has approved lawyers (called "Class Counsel") to collectively represent you.  These are the lawyers who have been handling the lawsuit for the past four years. You will not be asked to pay your own personal money for the services these attorneys and their staff have provided you in litigating this case and negotiating this Settlement. Instead, the lawyers will be paid separately by the Defendants, after approval by the Court, as described further below. Only Class Counsel may act on behalf of the class. However, that rule of law does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit.  If you want to be represented by your own lawyer, you may hire one at your own expense.

7. **What Does The Settlement Provide?**

The Settlement has three parts – injunctive relief (changes to how the ALT and the San Bernardino County jails operate in the treatment of GBT inmates); payment of compensation to the Class Representatives and the class members; and attorney's fees. We briefly describe each below.

   a. **Injunctive Relief** – The injunctive relief is extensive and difficult to summarize. The full agreement is posted on the settlement website www._____.com.  It changes the name of the ALT to the GBTI (Gay Bisexual Transgender Intersex) Unit. It establishes a PREA ("Prison Rape Elimination Act")-GBTI Committee that includes classification, programming and social work personnel that will make individualized determinations regarding housing, programming and work opportunities for GBTI inmates after conferring with them. It provides guidelines for housing, classification, work and programming options for GBTI inmates and for equal tier time for the GBTI Unit as for general population inmates. It establishes training guidelines for personnel on GBTI issues and for GBTI inmates regarding their rights. It addresses particular issues related to transgender inmates. It provides that Class Counsel will be consulted on the policies to be implemented and for reports and monitoring of the Agreement for three years.

   b. **Damages to the Class**

   The total damages to the class (which has 655 individuals in it) is $950,000, which will be placed in a class fund overseen by a professional Class Administrator.

   From this, the costs of class administration (estimated at $40,000 or less), the experts/consultants retained by Plaintiffs and the mediation costs (combined approximately $37,000) will be deducted.

   Plaintiffs' counsel are proposing payment of special compensation to the 15 Class Representatives of a total of $60,500 (in individual amounts between $2000-$5500) for their roles in bringing and advancing the case.

   After payment of the foregoing, approximately $812,500 (it could vary somewhat depending on the final accounting of costs) will be divided among the class members who file timely claims, based on a formula approved by the Court. Under the formula, class members will receive a certain number of points for each incarceration day based on the person's status during that day (pre-sentenced or sentenced, work eligibility and classification) and the overall conditions in the ALT on that day. Each class member's total points represent the sum of their daily points. The total points for each class member will then be added together, from which the class member's share of the recovery will be determined. Because it is anticipated that not all class members will make Timely Claims, a claiming class member's share will be based on that class member's share of the total points for class members who made Timely Claims (and

not on eligible class members). This has the effect of increasing the amount awarded to claiming class members.

If 328 people file timely claims, then the average recovery would exceed $2400. However, because how much any claiming class members receives is based on the formula, individual damages will vary greatly, depending first on the length of time spent in the ALT and secondarily on other factors.

No claiming individual class member will receive less than $40 or more than $10,000 regardless of the amount above or below those figures due them under the formula.

c. **Attorneys' Fees and Litigation Costs**

The Court will be asked to award Plaintiffs' counsel $1,100,000 in statutory attorneys' fees and litigation costs (excluding the expert/consultant and mediation costs), such that Defendants would pay these fees and costs. This figure is a substantial discount from the fees that would otherwise have been claimed (separate from compensation to class members) because Plaintiffs' counsel considered the injunctive relief a model. These fees must ultimately be approved by the Court after satisfying itself they are reasonable and fair.

**8. Will I Receive Anything From The Settlement?**

As long as you file an approved claim within the time set by the Court, and you qualify as a class member, you will be entitled to receive compensation based on the formula described above. The methodology for determining the share of the settlement fund for each class member filing a timely claim is described in ¶ 7(b) above.

The full description of the proposed system to determine how much each Damages Class member will receive is contained in the parties' Settlement Agreement, which is available on the settlement website www._____.com.

**9.    What Do I Do To Get Money?**

If you wish to receive money from the Settlement, you must complete and submit the accompanying Claim Form.  Read the instructions on the Claim Form carefully.  **All Claim Forms must be completed and postmarked (or received by the Administrator) no later than _____, 2018,** but in order not to miss out on this opportunity, you should complete and mail your Claim Form as soon as possible.  **If you do not timely and properly submit your Claim Form, you will not receive any money** from the Settlement.  If you need a copy of a Claim Form, please call _____ (toll free), or write to the *McKibben v. McMahon* Settlement Administrator, P.O. Box _____, \_\_\_\_\_, \_\_\_, or download the Form from the Internet at www._____.com.

**10.    What If I Still Don't Know If I Am A Class Member?**

If you are not sure whether you are included in the class, call 1-_____ or write to:

*McKibben v. McMahon* Settlement Administrator

_____

_____

Determinations of whether you are or are not a Class Member will be based exclusively on the records of the San Bernardino County Sheriff's Department.

### 11. How Much Will The Lawyers Be Paid?

As mentioned, the court will be asked to award Class Counsel $1,100,000. The Court can award less than that amount, but not more. You will not be asked personally to pay any attorneys' fees to Class Counsel. Only if you hire your own lawyer to represent you personally would you have to pay an attorney any fees.

### 12. Can I Exclude Myself From The Settlement?

If you do not want to be a member of the class, or if you want to be able to file your own lawsuit, or be part of a different lawsuit against the Defendants raising the claims involved in this lawsuit, then you must take steps to get out of the class. This is called "excluding yourself" from, and sometimes is referred to as "opting out" of, the class.

If the number of exclusions exceeds ten (10) but is less than 25, the County is entitled to a credit against the settlement based on the amount that each Exclusion was due under the initial class distribution formula. If the number of exclusions exceeds 25, the County may rescind (walk away from) the settlement or receive the foregoing credits for all excluding class members.

### 13. What Do I Do To Exclude Myself From The Lawsuit?

To exclude yourself, you must send a letter by First-Class mail clearly stating that you want to be excluded from *McKibben v. McMahon.* Be sure to include your name, address, telephone number and signature. The name and address of your attorney is not sufficient. **You must mail your Exclusion Request, postmarked no later than _____ 2018**, to:

*McKibben v. McMahon* Settlement Administrator

_____

_____

You cannot exclude yourself on the phone or by email. If you exclude yourself, you will not be entitled to get any money from the Settlement, and you cannot object to the Settlement. Nor will you be legally bound by anything that happens in this lawsuit.

Unless you exclude yourself from the class, you remain in the class and give up all of your rights against the Defendants for the conduct alleged in this complaint, except those available to you under this Settlement. That means that, if you don't exclude yourself and also don't file a claim, you will receive no money but will still lose your rights against the Defendants. **So be**

**sure to file the claim form unless you are going to exclude yourself. (If you do exclude yourself, and you want to pursue other damages for the conduct alleged in the complaint, you will need to bring your own complaint against the Defendants.)**

Anyone determined to be a damages class member who submits a timely claim will receive some compensation. How much will depend on the formula already described.

### 14. What Is The Release Of Claims?

As part of the Settlement, you release the claims covered by this lawsuit in exchange for the money you will receive if you do not exclude yourself from the class.  The Proposed Final Order of Approval and Settlement (which you may view on the website for this lawsuit at www._____.com) describes the legal claims against the Defendants you will give up by staying in the class (that is, if you do not exclude yourself as described in the question above entitled "What Do I Do To Exclude Myself From The Lawsuit?").  The Released Claims include all claims, demands, causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys' fees, that were or could have been asserted in the complaint based on the facts alleged, specifically for the conditions and treatment, including discriminatory treatment, in the ALT during the time covered by this Settlement.  These Released Claims include any other related complaints, grievances, and/or claims, whether judicial or administrative, and whether actually filed or available.  Released Claims do not include any other claim(s) that a Plaintiff or member of the classes may have against Defendants for conduct not covered by this Settlement (for example, a claim for an incident of use of force unrelated to this suit).

### 15. If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?

If you are and choose to remain a Class Member, you can object to the Settlement if you do not like any part of it, or you may object to the request for attorneys' fees.  You must give the reason why you think that the Court should not approve the Settlement or the requested attorneys' fees (i.e., a mere statement that "I object" will not be sufficient).  Do not contact the Court orally to object.  Rather, you must send a written statement with the case name and number (*McKibben v. McMahon*, Case No. 5:14-CV-02171-JGB-SP) at the top of the page.  In addition, provide your name, your address (just giving the address of an attorney who represents you is not sufficient), your telephone number, your signature and the reason why you object.  If you are represented by a lawyer, you should also give the name, address and telephone number of that lawyer.  **You must mail your objections and any supporting papers by First-Class mail, postmarked no later than _____, 2018**, to the Court and counsel as follows:

| Clerk of the District Court<br>United States District Court<br>Central District of California<br>3470 Twelfth Street | Barrett S. Litt<br>Attn: Julia White<br>Kaye McLane, Bednarski & Litt<br>975 E. Green St.<br>Pasadena, CA  91106 | Nathan A. Oyster<br>Burke, Williams & Sorensen<br>444 S. Flower St.<br>Suite 2400<br>Los Angeles, CA  90071 |

| Courtroom 1<br>Riverside, CA 92501-3801 | | |
|---|---|---|

If you are not filing a pre-prepared claim form, you should provide as much identifying information (such as Driver's License, address, date of birth and last four digits of your Social Security Number) with the copies sent to the counsel listed above, so that your file can be located. To protect your privacy, do not send that information to the Court, as what you file with the Court is a public document.

Submitting an objection will not extend the time within which a Class Member may request exclusion from this Settlement. (If you file an exclusion, you are no longer a member of the Damages Class and any objection will not be considered.)

A full set of the settlement documents, including the Settlement Agreement, a Claim Form, the expert reports explaining how class members were identified, the Proposed Final Order of Approval and Settlement and the Motion For Award of Attorneys' Fees and Costs is available (or will be if the motion for attorneys' fees has not yet been filed) on the case website, www._____.com.

### 16. What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the class. If you object and the Court rejects your objection, you remain a member of the class and will be bound by any outcome of the case, and entitled to payment under the settlement if you make a claim. Excluding yourself is telling the Court that you do not want to be part of the class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 17. When And Where Will The Court Decide Whether To Approve The Settlement And Attorneys' Fees?

The Court has scheduled the Fairness Hearing for _____, 2018, at _____ in the United States District Courthouse for the Central District of California, 3470 Twelfth Street Riverside, CA 92501-3801. At this Hearing, Judge Bernal will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of attorneys' fees and costs to be awarded. If there are any objections, the Court will consider and rule on them. We do not know how long this process will take. We do not know if the Hearing will be continued. There will not be a new notice if it is. You may speak at the Hearing, but only if you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?" (See question no. 15)

### 18. Do I Have To Come To The Hearing?

No. You may, but need not, attend the Hearing. Class Counsel will answer any questions the Court may have. However, you may come if you choose, at your own expense. If you sent a written objection, you may, but do not have to, come to Court to talk about it. As long as you

*Class Notice – McKibben v. McMahon*

properly submitted your written objection, the Court will consider it.  You may also pay your own lawyer to attend, but that also is not necessary.

19.  **May I Speak At The Hearing?**

You will not be heard unless you have submitted your comments or objections as provided in the question above entitled "If I Do Not Like The Settlement Or Object To The Attorneys' Fees, How Do I Tell The Court?" (See question no. 15) and have stated in your submission that you wish to be heard.  You cannot speak at the Hearing if you exclude yourself.  If you have submitted an objection, the Court will decide whether or not to hear from you verbally as well.

20.  **What Happens If I Do Nothing At All?**

If you do nothing, your rights will be affected.  You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement.  However, if **you do not file a claim, you will not be entitled to any money from the Settlement even though you will be bound by it.**

21.  **When Will I Receive Money From the Settlement?**

No money will be paid until 1) after the Settlement Funds are deposited with the Settlement Administrator, which will only occur 30 days after the Settlement is approved and all possibilities of appeal are completed, and 2) until after the date set by the Court as the last day to mail or file a claim.  After that, it will take at least two months, and quite possibly more, to process all the claims, calculate the amount due each Class Member and send the money to the Class Members.  If you file a claim and do not receive money within six months after _____, 2018, which is the last day to mail or file a claim, check the website for this case about when payment mailings are expected, or contact the Class Administrator by either calling 1-_____or writing to:

*McKibben  v. McMahon* Settlement Administrator

_____

_____

We strongly recommend that you keep a copy of your Claim Form.  You may want to send the Form in by certified mail so it can be verified, but you are not required to do so.

22.  **What Happens If There Is Not A Final Settlement?**

Under certain circumstances, it is possible the settlement might not go through (for example, if the court for some reason does not approve the settlement).  In that situation, the case would move forward and go to trial.

23.  **Are There More Details About The Settlement?**

This Notice merely summarizes the proposed Settlement.  You can go to the website titled www._____.com to see the complete Settlement documents in the case and a copy of the

Motion for Award of Attorneys' Fees and Costs when it is filed. In the event that any description in this Notice of the terms in the Settlement documents conflict with the actual terms of the Settlement documents, the terms of the Settlement documents control.