BARRETT S. LITT, SBN 45527
blitt@kmbllaw.com
DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
LINDSAY BATTLES, SBN 262282
lbattles@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

MELISSA GOODMAN, SBN 289464
MGoodman@aclusocal.org
BRENDAN M. HAMME, SBN 285293
BHamme@aclusocal.org
PETER J. ELIASBERG, SBN 189110
PEliasberg@aclusocal.org
AMANDA C. GOAD, SBN 297131
AGoad@aclusocal.org
ADITI FRUITWALA, SBN 300362
AFruitwala@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN MCKIBBEN, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JOHN MCMAHON, et al.,<br><br>        Defendants | Case No.14-2171-JGB-SP<br><br>[Hon. Jesus G. Bernal]<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER; EXHIBITS**<br><br>**Date:          _____, 2018**<br>**Time:          9:00 A.M.**<br>**Place:          Courtroom 1** |

The parties have submitted this joint Preliminary Approval Order of the Class Settlement for the Court's review. Upon review and consideration of the Settlement Agreement (Exhibit A hereto) (the "Settlement Agreement") and the exhibits attached thereto made and entered into by counsel for the parties, who represent that their respective clients have approved the settlement.

The Named Plaintiffs/Class Representatives[1] are Pedro Guzman, Nick Ou, Sean Lint, Anthony Oliver, Timothy Walker, Ilich Vargas, William Kennedy, Jonathan, Robertson, Steve Aka Lynn Price, Bryan Bagwell, Christopher Crawford, Frederick Crockan, Taheash White, Michael Aka Madison Hatfield, and Kevin Aka Veronica Pratt.

Plaintiffs are former or current (at the time of the filing of the complaint) inmates of jails operated by the San Bernardino County Sheriff's Department ("SBCSD"). SBCSD maintained and maintains an "Alternative Lifestyle Tank" (hereafter "ALT") at the West Valley Detention Center ("WVDC"), which houses inmates who self-identify as gay, bisexual, and/or transgender ("GBT inmates"). The WVDC is the only SBCSD jail facility that houses self-identified GBT inmates who were assigned male at birth.

The Defendants are the County of San Bernardino, the San Bernardino County Sheriff's Department, San Bernardino County Sheriff John McMahon, Greg Garland, Jeff Rose, James Mahan and Armando Castillo.

Plaintiffs, and the classes they represent, contend that Defendants engage in systematic discrimination and denial of equal treatment against Gay, Bisexual, and Transgender ("GBT") inmates at the WVDC. Plaintiffs contend, inter alia, that GBT inmates 1) were automatically placed in the ALT if they self-identified as GBT; 2) would have been at risk for their safety if admitted to the general population as openly GBT inmates because SBCSD did not have any plans or

---

[1] Plaintiff Dan McKibben passed away while this lawsuit was pending, and so is not listed as a Class Representative Plaintiff, although his name is still used as the Case Name.

programs to ensure their safety; 3) had no or inadequate PREA programs in place to protect GBT inmates or address particular vulnerabilities of GBT inmates placed in the general population; 4) were limited in their time out of cell generally to an hour and a half per day, and often less, in contrast to similarly situated (by classification or sentencing status) general population inmates; 5) were denied the same work opportunities that were provided to similarly situated (by classification or sentencing status) general population inmates; 6) were denied the same programming opportunities[2] that were provided to similarly situated (by classification or sentencing status) general population inmates; and 7) a comparable range of religious services to those available to the general population. Plaintiffs also contend that certain aspects of this disparate treatment continue to this day.  Defendants dispute Plaintiffs' allegations, but the parties have agreed to enter into this Settlement Agreement to avoid the mutual risks of litigation.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.**        **PRELIMINARY APPROVAL OF SETTLEMENT**

1.        This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which is attached to this Order as Exhibit A, and also incorporates Exhibits B through E, thereto. All terms defined therein shall have the same meaning in this Order.

2.        The Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the non-reversionary class settlement fund of $950,000 and its proposed allocation, plus substantial injunctive relief and attorney's fees of $1,100,000 are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms

---

[2] Programming opportunities include classes in anger management, thinking for change, living skills, parenting skills, substance abuse, GED, high school diploma, literacy, automobile mechanics, bakery occupations, culinary/reading enrichment classes, computer skills, HVAC training, fire camp vocational training, employment readiness, and re-entry services.

of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

## II. DEADLINES FOR NOTICE, FILING OBJECTIONS AND OPT-OUTS, AND DATE OF FAIRNESS HEARING

3.  The Court has set the following dates for purposes of this class action:

(a) Final class identifying information will be provided to the Class Administrator no later than September 10, 2018;

(b) Mailing Class and Settlement Notice to Class: Must be postmarked by October 15, 2018 [four weeks from latest date of approval order of September 17, 2018, for this scheduled to apply];

(c) Publication of summary notice by other methods: Must be effected by no later than October 22, 2018 [one week later];

(d) Filing of Plaintiffs' Motion for Award of Attorneys' Fees and Costs: Must be filed by November 12, 2018 [eight (8) weeks after mailing of class notice];

(e) Filing of Class Members' Objections to any aspect of the Settlement (including Plaintiffs' Motion for Award of Attorneys' Fees and Costs): Must be filed by January 7, 2019 [sixteen (16) weeks after mailing of class notice];

(f) Deadline to opt-out: Must be postmarked or received by January 7, 2019 [sixteen (16) weeks after mailing of class notice];

(g) Deadline for filing class claims: Must be postmarked or received by January 7, 2019 [sixteen (16) weeks after mailing of class notice];

(h) Opposition or Reply to Objections (including to objections to award of attorneys' fees and costs): Must be filed by January 28, 2019 [three (3) weeks after last day to object, opt out, file claims];

(i) Proposed Final Approval Order: Must be filed by January 28, 2019

[three (3) weeks after last day to object, opt out, file claims]; and

(j) Final Approval Hearing: February 11, 2019 [two (2) weeks after filing of responses to objections and proposed Final Approval Order] at __ a.m. in Courtroom __.

4.      The Court does not require a separate motion for final approval of the settlement. Submission of a proposed final approval order is all that is required.

5.      In the event that the class notice is not mailed and initially published within the time specified herein, the subsequent dates contained herein will be deferred for the number of additional days before such notice occurs without the need for additional Court approval. However, the Court must approve any change of the date of the Final Approval Hearing.

6.      In the event that the number of Opt Outs exceeds ten (10) but is less than twenty-five (25), i.e., where the number of Opt Outs is between 11-24, the parties agree that, Defendants will receive a credit against the Class Damages Fund based on the amount that each Opt Out was due under the initial class distribution formula (explained in ¶ 8 of the Settlement Agreement) when applied to the Damages Class and as calculated by Plaintiffs' counsel, i.e., the amount due that class member if all class members filed claims. (To the extent that the final distribution formula results in different allocations because not all class members filed claims, the credit would be based on the initial distribution formula, not the formula adjusted to the claims made.) This credit is only available if the number of Opt Outs exceeds ten.

7.      If the number of Opt Outs amounts to 25 or more or if any Named Plaintiff opts out, Defendants shall have the option of using the same credit formula as set out in the previous paragraph where the number of Opt Outs is between 11-24, or of rescinding the Agreement.

## III.      INJUNCTIVE AND DAMAGES CLASSES

8.      The Court has simultaneously with the entry of this order granted

Plaintiffs' motion to certify classes under F.R.Civ.P. Rule 23(b)(2) and (b)(3) as follows.

> **(a) Rule 23(b)(2) Injunctive Relief Class:** individuals who currently are, or in the future will be, GBT inmates housed in the San Bernardino County jails, including but not limited to those housed in the ALT.
>
> (b) **Rule 23(b)(3) Damages Class:** individuals who, between October 22, 2012, and March 31, 2018, were GBT inmates housed in the Alternative Lifestyles Tank (hereafter "ALT") of the San Bernardino County jail facility known as West Valley Detention Center ("WVDC").

9.　Damages Class Members have a right to opt out of the settlement. Injunctive Class Members cannot opt out of the injunctive relief portion of the settlement.

10.　The Parties have identified exclusively from San Bernardino County Jail records Damages Class Members based on who was housed in the ALT during the damages period. Only persons so identified are Damages Class members.

11.　The basic term of the settlement as it relates to Damages Class Members is that the County of San Bernardino will provide payment of a total of $950,000. From that amount, the following awards will be made by the Class Administrator, subject to court approval:

> (a) Incentive awards to the 15 Named Plaintiffs, if and to the extent approved by the Court, in the amount of $60,500.[3]
>
> (b) Payments of the third-party class settlement administration costs, which are estimated at $40,000 or less.
>
> (c) Certain litigation costs, specifically the consultant/expert and mediation fees advanced by Plaintiffs' counsel, estimated at

---

[3] Although Dan McKibben was a Named Plaintiff, he is now deceased, and is therefore being treated purely as a class member and is not included as a Class Representative.

approximately $37,000. (Other litigation costs will be absorbed by counsel and included in the Attorney's Fees and Costs Award.)

12.　The remainder of the Class Fund shall be distributed to the class members (including Named Plaintiffs/Class Representatives) under a formula contained in Paragraphs 5-10 of the Settlement Agreement (Exhibit A hereto). The formula is based on awarding a certain number of points for each day a Damages Class Member spent in the ALT. Because conditions varied over time, and the alleged severity of what Damages Class Members experienced varied by both time and virtue of what opportunities they would have received when compared to comparably classified general population inmates, points vary by which category an inmate fit into in any given day. Only one set of points apply to a given day. (See the Settlement Agreement for an itemization of the categories.)

13.　Once daily points are assigned to all Damages Class Members, the points will be totaled, and a total point value will be calculated for the class as a whole and for each individual class member. Each class member's recovery will then be determinable based on that class member's percentage of the total points. It is likely that not all class members will make Timely Claims. Accordingly, a claiming class member's percentage of the available funds will be determined based on that class member's total points in relation to the total points for those who made timely claims. (The Settlement Agreement provides how to determine what claims are timely.)

14.　Despite the foregoing, no class member who qualifies for payment will receive less than a total of $40 or more than a total of $10,000. The purpose of this Minimum/Maximum provision is to ensure that every qualifying Damages Class member receives some meaningful compensation, and to ensure that outliers who have outsized claims do not distort the meaningfulness of the recovery to the remaining class members. None of the $950,000 Damages Class Fund shall revert to the County. Any funds claimed but not cashed by a Class Member within one

year of payment shall be paid to an agreed-upon *cy pres* organization.

15. In addition, the parties have agreed to the entry of an injunction, whose terms are set forth in Exhibit D to the Proposed Preliminary Approval Order.

16. Finally, the Settlement Agreement provides that the County of San Bernardino shall pay Attorney's Fees and Costs in the amount of $1,100,000 as compensation for statutory fees and certain costs pursuant to 42 U.S.C. § 1988. (The costs included in this award shall include all costs incurred except for mediation costs, consultant/expert costs and Class Administration costs.) This fee shall be the subject of a separate Motion for Attorney's Fees to be heard at the Final Approval Hearing, to be analyzed under the standards for an award of fees and costs to a prevailing plaintiff under 42 U.S.C. § 1988 and Civil Code § 52.1(h). The Class Notice will advise class members of this motion and their right to object to it (as well as to other terms of the settlement).

## IV. CLASS ADMINISTRATOR

17. The Court approves the retention of JND Legal Administration ("JND") as Class Administrator, to administer the distribution of the Class and Settlement Notice and publication of the Class and Settlement Notice, and to distribute the proceeds of the settlement to all eligible Class Members pursuant to the Plan set out in the Settlement Agreement (Exhibit A) should the Court grant final approval. Exhibit E (the Class Administrator bid) includes the qualifications of JND, which establishes to the Court's satisfaction the qualifications of JND to act as the Class Administrator.

18. The Class Administrator shall preserve all written communications from Class Members in response to the Class and Settlement Notice at least until December 31, 2021, or pursuant to further order of the Court. All written communications received by the Class Administrator from Class Members relating to the Settlement Agreement shall be available at all reasonable times for

inspection and copying by Counsel for the Parties, and copies shall be regularly provided to Counsel for the Parties.

19.     The Class Administrator shall be compensated from the $950,000 Class Damages Fund for its services in connection with notice and administration and for the costs of giving mailed and published notice, and the other services it performs, pursuant to such orders as the Court may enter from time to time.

20.     Within two weeks after this Preliminary Approval Order is signed by the Court, the County of San Bernardino shall deposit or cause to be deposited into an account designated by the Class Administrator by check sent by overnight mail an amount of same day available funds equal to the amount requested by the Class Administrator to cover the costs of notice as provided herein, and will provide additional funds for its administrative work pursuant to the terms of its accepted bid, a copy of which is attached as Exhibit E. Prior to entry of the Final Order of Approval of Settlement, the Class Administrator will not accrue any costs not itemized in Exhibit E unless agreed to by the Plaintiffs' counsel and approved by the Court. If the Court does not enter the Final Order of Approval and Settlement, then all such funds paid to the Class Administrator, to the extent they are available after payment of all accrued class administration expenses, shall be returned to Defendants.

21.     If this settlement does not go through for any reason, a new settlement is not reached, the case goes to trial, and Plaintiffs are not successful in their prosecution of the case, Defendants shall not seek reimbursement from Plaintiffs of class administration funds paid under this settlement.

## V.     <u>CLASS COUNSEL</u>

22.     Barrett S. Litt, David McLane and Lindsay Battles of Kaye, McLane, Bednarski & Litt, and Melissa Goodman, Amanda Goad, Brendan Hamme and Aditi Fruitwala of the ACLU Foundation of Southern California are hereby confirmed as counsel for the Class Representatives and the Class ("Class

Counsel").

23.     Class Counsel are authorized to act on behalf of the Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

24.     At the Fairness Hearing, Class Counsel shall make an application for Attorney's Fees and certain litigation costs to be paid by Defendants separate from the Class Damages Fund (the "Motion for Attorneys' Fees and Costs"). Plaintiffs' counsel's costs of expert/consultant and mediation fees, and the costs of class notice and administration will be paid from the Class Damages Fund.

## VI.      CLASS AND SETTLEMENT NOTICE

25.     Class Counsel shall provide the Class and Settlement Notice to the Class Administrator for distribution according to the schedule set forth above. Such notice shall be in substantially the form as proposed in Exhibit B to the Settlement Agreement and shall be sent by United States mail to the class members at their last known address; returned mail shall be subject to follow up mailings after appropriate searches of the available databases. In addition, email notice shall be sent to those Damages Class Members can be obtained by standard searches. No notice by publication shall be required because such notice has not proven effective at reaching class members, and the resources are better spent on attempting to reach class members through electronic email. See revisions to F.R.Civ.P 23 (c)(2)(B) effective December 2018 (acknowledging that notice "may be by … electronic means, or other appropriate means" in addition to or in lieu of United States mail).

26.     Defendants represent that they have already provided the name, address, social security number, date of birth, driver's license information, and any other identifying information of Damages Class Members, to Plaintiffs' counsel, who will transmit it to the Class Administrator. Such information shall be

confidential and may not be disclosed to anyone except counsel of record, the Class Administrator, and designated representatives of Defendants. Should the Defendants discover at any time any additional information containing relevant class information, they shall promptly provide it to Plaintiffs' counsel and the Class Administrator.

27. At least seven days before the Fairness Hearing, Class Counsel and/or the Class Administrator shall serve and file a sworn statement by the Class Administrator attesting to compliance with the provisions of this Order governing Class and Settlement Notice. This shall include a list of all people who have opted out of the class.

28. The Court approves the Class and Settlement Notice attached as Exhibit B.

29. The Court approves the Claim Form attached as Exhibit C.

30. The Court approves the Class Administrator Bid attached as Exhibit E.

31. The Court finds that the notice required by the foregoing provisions of this Order is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Settlement and the Fairness Hearing to all Class Members and other persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 Federal Rules of Civil Procedure and due process.

## VII. THE FAIRNESS HEARING

32. A Fairness Hearing shall be held on _____ to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) whether a Final Order of Approval and Settlement should be entered in its current or some modified form; and (c) the application by Class Counsel for attorneys' fees and expenses (the "Fee Motion").

33. At least two weeks prior to the Fairness Hearing, Plaintiffs shall

submit a proposed Final Approval Order, which shall be approved by Defendants. That proposed order will contain the final provisions the Parties seek the Court to finally approve and the Parties' proposed court orders related to any objections that have been filed. It will not be necessary to file a separate motion for final approval.

34.     The date and time of the Fairness Hearing shall be set forth in the Class and Settlement Notice but shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted at the Court and on the Court's web site.

35.     Any Class Member who objects to the approval of the Settlement Agreement, the Fee Motion, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members may appear at the Fairness Hearing and show cause why any one of the foregoing should not be approved as fair, reasonable, and adequate, and why the Final Order of Approval and Settlement should not be entered, except that no such Class Member may appear at the Fairness Hearing unless the Class Member, no later than January 7, 2019 [the date to file objections to the Settlement] (a) files with the Clerk of the Court a notice of such person's intention to appear, a statement that indicates the basis and grounds for such person's objection to the Settlement Agreement, the Fee Petition, the Named Plaintiffs' incentive awards or the proposed allocation of damages among class members, and all documentation, papers, or briefs in support of such objection; and by the same date (b) serves upon all Counsel to the Parties (as listed in the Class Notice), either in person or by mail, copies of such notice of intention to appear, statement of objections and all documentation, papers, or briefs that such person files with the Court. The required documentation shall include the information requested on the Claim Form. Final determination of whether any such objector is a Class Member who has standing to object shall be determined solely from the Defendants' records, from which the list of Class Members has

been compiled. In the absence of the timely filing and timely service of the notice of intention to appear and all other materials required by this paragraph, any objection shall be deemed untimely and denied.

36.     Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

37.     In the event of final approval of the Settlement Agreement, all Damages Class Members (except those who have opted out) shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

## VIII.   <u>OTHER PROVISIONS</u>

38.     In the event the Settlement is not finally approved or is otherwise terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the <u>status quo ante</u> rights of Plaintiffs, Defendants, and Class Members.

DATED: _____          _____

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

**KAYE, McLANE, BEDNARSKI & LITT**
**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**


By:\_\_\_/s/  Barrett S. Litt_____
         Barrett S. Litt
Attorneys for Plaintiffs


**BURKE, WILLIAMS & SORENSEN**


By:\_\_\_\_/s/  Nathan A. Oyster_____
         Nathan A. Oyster
Attorneys for Defendants