BARRETT S. LITT, SBN 45527
blitt@kmbllaw.com
DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
LINDSAY BATTLES, SBN 262282
lbattles@kmbllaw.com
KAYE, MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91101
Telephone: (626) 844-7600 x112
Facsimile: (626) 844-7670

MELISSA GOODMAN, SBN 289464
MGoodman@aclusocal.org
BRENDAN M. HAMME, SBN 285293
BHamme@aclusocal.org
PETER J. ELIASBERG, SBN 189110
PEliasberg@aclusocal.org
AMANDA C. GOAD, SBN 297131
AGoad@aclusocal.org
ADITI FRUITWALA, SBN 300362
AFruitwala@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CA
1313 West 8th Street
Los Angeles, California 90017
Telephone: (213) 977-9500
Facsimile: (213) 977-5299

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAN MCKIBBEN, et al., <br><br> Plaintiffs, <br> vs. <br><br> JOHN MCMAHON, et al., <br><br> Defendants | Case No.14-2171-JGB-SP <br><br> [Hon. Jesus G. Bernal] <br><br> **DECLARATION OF AMANDA GOAD IN SUPPORT OF MOTION FOR ATTORNEYS' FEES** <br><br> Date:     February 11, 2019 <br> Time:     9:00 A.M. <br> Place:     Courtroom 1 |

# DECLARATION OF AMANDA GOAD

I, Amanda C. Goad, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am currently the Audrey Irmas Director of the LGBTQ, Gender & Reproductive Justice Project, and a Senior Staff Attorney, at the ACLU Foundation of Southern California ("ACLU SoCal").

3. I am a member of the Bar of the State of California. I am admitted to practice before several federal courts, including the United States Supreme Court and this Court.

4. I am one of the counsel of record in *McKibben, et al. v. McMahon, et al*.

5. My professional experience and qualifications, as well as the experience and qualifications of the other ACLU SoCal staff members who took part in this case, were described in the Declaration of Melissa Goodman in support of Plaintiffs' Motion for Class Certification, Dkt. #80.

**Timekeeping Protocol and Fees Waived to Ensure Reasonableness**

6. It is the practice of the attorneys and other legal staff in the ACLU of Southern California's offices to keep track of their time through the use of contemporaneous timekeeping software. Over the course of this litigation, all of the attorneys and other legal staff in our office utilized one of two computerized billing programs that we use to maintain contemporaneous time records of all work performed on our cases. It is the policy and regular practice of the ACLU of Southern California for a paralegal or advocacy assistant to download those records into our billing software, and then print out a billing statement that lists, among other things, the hours worked on the matter, the billing rate for the person who worked those hours, a total "lodestar" for each person who billed time, and a cumulative lodestar for the office as a whole.

7. The billing statement reflecting the time of all attorneys and legal staff from the ACLU of Southern California for whom we are seeking fees in this case is attached as Exhibit E to this declaration. I worked with paralegal Sandra Kang to generate this statement from ACLU SoCal's electronic records.

8. Once a billing statement has been generated, it is our usual practice for a senior lawyer on the case to review the entries, note those that are duplicative, improperly assigned to the matter, or otherwise unreasonable, and to delete such entries in an exercise of billing judgment, and work with a paralegal to delete those entries from the records. In this instance, given that Plaintiffs' counsel had already agreed as part of a mediated settlement to a substantial discount of our billed time, we did not invest time in reviewing the records to exercise billing judgment.

9. The ACLU SoCal billing statement attached as Exhibit E does not reflect the time of several ACLU billers who contributed to the case but whose total time did not exceed twenty hours per person as of the billing cut-off date of September 21, 2018. These include numerous ACLU SoCal law student clerks who contributed to pre-filing investigation, discovery efforts, client communications, and document review; senior ACLU SoCal attorney Belinda Escobosa Helzer, who provided strategic guidance in early phases of the case; and multiple attorneys with the National ACLU who consulted with the ACLU SoCal team over the course of the litigation regarding legal strategy questions in the case and the specifics of Plaintiffs' requests for policy changes and injunctive relief.

10. The accompanying Declaration of Barrett S. Litt includes a discussion of the specific tasks performed by individual lawyers and paralegals on this case. It also details the bases for the billing rates that ACLU SoCal seeks in this case.

11. Below is a summary of the total hours, rates, and fees sought by the ACLU of Southern California based on the records in Exhibit E.

12. Based on the records and calculations described above, the combined fees sought by the ACLU of Southern California total $611,677.35.

13. The ACLU SoCal has also incurred a total of $3,988.43 in expenses while litigating this case. The ACLU SoCal tracks all litigation expenses by assigning cases a code, and tracking all employee reimbursement requests and direct expenditures by the organization associated with that case code. Such reimbursements and expenditures are then combined, and a cost report is generated for a case. A summary of the ACLU of Southern California cost report generated for this case is attached to this declaration as Exhibit F. Below is a summary of the ACLU's costs for this case, grouped by category of expenditure:

| Category | Total Cost |
| --- | --- |
| Collect Calls | $208.00 |
| Correspondence | $401.39 |
| Court Fees | $103.67 |
| Online Research | $163.00 |
| Mileage | $2,322.57 |
| Parking | $125.00 |
| Meals | $501.67 |
| Transportation | $163.13 |
|  |  |
| **GRAND TOTAL:** | **$3,988.43** |

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 25th day of October, 2018 in Los Angeles, California.

/s/ Amanda C Goad
AMANDA C. GOAD

3