1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  Nathan A. Oyster (SBN 225307)
   E-mail: noyster@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA 90071-2953
   Tel: 213.236.0600    Fax: 213.236.2700
5
   Attorneys for Defendants
6  SHERIFF JOHN MCMAHON, GREG
   GARLAND, JEFF ROSE, SERGEANT JAMES
7  MAHAN, A. CASTILLO, and COUNTY OF SAN
   BERNARDINO (also sued herein as SAN
8  BERNARDINO COUNTY SHERIFF'S
   DEPARTMENT)
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  DAN MCKIBBEN, et al.,              Case No. 5:14-cv-02171-JGB-SP

14                                     **STIPULATION FOR AN ORDER**
              Plaintiffs,              **APPROVING CLASS NOTICE TO**
15                                     **SUPPLEMENT CLASS**
                                       **MEMBERS AND**
16  v.                                 **SUPPLEMENTAL NOTICE TO**
                                       **EXISTING CLAIMANTS**
17

18  JOHN MCMAHON, et al.,              [Filed concurrently with [Proposed]
                                       Order Approving Class Notice to
19                                     Supplement Class Members and
                                       Supplemental Notice to Existing
20            Defendants.              Claimants]

21
                                       Judge: Hon. Jesus G. Bernal
22

23

24

25  TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

26      Plaintiffs DAN MCKIBBEN, PEDRO GUZMAN, NICK OU, SEAN LINT,

27  ANTHONY OLIVER, TIMOTHY WALKER, ILICH VARGAS, WILLIAM

28  KENNEDY, JONATHAN ROBERTSON, STEVE aka LYNN PRICE, BRYAN

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0859-5863 v1          - 1 -          CASE NO. 5:14-CV-02171-JGB-SP
                                              STIPULATION FOR AN ORDER APPROVING
                                              ADDITIONAL CLASS NOTICE

1  BAGWELL, CHRISTOPHER CRAWFORD, FREDERICK CROCKAN,

2  TAHEASH WHITE, MICHAEL aka MADISON HATFIELD, and KEVIN aka

3  VERONICA PRATT (hereinafter "Plaintiffs") and Defendants SHERIFF JOHN

4  MCMAHON, GREG GARLAND, JEFF ROSE, SERGEANT JAMES MAHAN,

5  A. CASTILLO, and COUNTY OF SAN BERNARDINO (hereinafter

6  "Defendants"), hereby stipulate, through their respective counsel of record, to the

7  following:

8      1.    Pursuant to this Court's May 10, 2019 Order, the parties have agreed

9  upon a proposed class notice to supplemental class members and have agreed upon

10  a proposed supplemental notice to existing claimants.

11      2.    The parties' proposed class notice to supplemental class members is

12  attached hereto as Exhibit "A."

13      3.    The parties' proposed supplemental notice to existing claimants is

14  attached hereto as Exhibit "B".  This supplemental notice shall also be posted on

15  the class action website, www.ALTSettlement.com.

16      4.    The parties respectfully request that the Court enter an Order

17  approving the distribution of Exhibit "A" and Exhibit "B", pursuant to the Court's

18  May 10, 2019 Order.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0859-5863 v1

- 2 -

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 14, 2019

KAYE, MCLANE, BEDNARSKI & LITT LLP

AMERICAN CIVIL LIBERTIES UNION OF
SOUTHERN CALIFORNIA

By: */s/ Barrett S. Litt*
Barrett S. Litt
David McLane
Lindsay Battles

Attorneys for Plaintiffs
DAN MCKIBBEN, PEDRO GUZMAN, NICK
OU, SEAN LINT, ANTHONY OLIVER,
TIMOTHY WALKER, ILICH VARGAS,
WILLIAM KENNEDY, JONATHAN
ROBERTSON, STEVE aka LYNN PRICE,
BRYAN BAGWELL, CHRISTOPHER
CRAWFORD, FREDERICK CROCKAN,
TAHEASH WHITE, MICHAEL aka
MADISON HATFIELD, and KEVIN aka
VERONICA PRATT

Dated: May 14, 2019

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Nathan A. Oyster[1]*
Nathan A. Oyster

Attorneys for Defendants
SHERIFF JOHN MCMAHON, GREG
GARLAND, JEFF ROSE, SERGEANT
JAMES MAHAN, A. CASTILLO, AND
COUNTY OF SAN BERNARDINO (Also
sued herein as SAN BERNARDINO COUNTY
SHERIFF'S DEPARTMENT)

---

[1]   As the filer of this Stipulation, I attest that Barrett S. Litt concurs in the content
of the Stipulation and has authorized its filing.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4839-0859-5863 v1                    - 3 -                    CASE NO. 5:14-CV-02171-JGB-SP
STIPULATION FOR AN ORDER APPROVING
ADDITIONAL CLASS NOTICE

**EXHIBIT A**

## Class and Settlement Notice

*McKibben, et al., v. McMahon, et al.* is
Case No.14-2171-JGB-SP

*McKibben v. McMahon* is a class action lawsuit filed in 2014. It challenged the treatment of gay, bisexual, and transgender inmates who were housed in the Alternative Lifestyle Tank ("ALT") of the West Valley Detention Center (a San Bernardino County jail). A preliminary settlement has been reached. The settlement includes money compensation to class members and policy changes to address what Plaintiffs alleged was discriminatory treatment.

**If you were housed in the ALT between October 22, 2012 and March 31, 2018 you may be entitled to receive money, but only if you take action and file a claim.** The average will likely exceed $1000 (but varies greatly depending on various factors, including time in custody).

In order to receive any money in this Settlement, **you must fill out and mail a Claim Form**.

**Your Claim Form**
must be **postmarked** or received by the Administrator
no later than July 19, 2019.

**Esta Notificación de acción colectiva está disponible en español. Llame sin cargo al: 1-844-877-5925 o visite el siguiente sitio web: www.ALTSettlement.com.**


## ADDITIONAL INFORMATION

Below are questions and answers designed to explain this lawsuit, the settlement, your legal rights, and how to file a claim.

### 1.    Why am I receiving this notice? Who is receiving this notice?

You are receiving this notice because San Bernardino jail records show that you were housed in the ALT between October 22, 2012 and March 31, 2018. Anyone housed in the ALT during this time period is a class member and is entitled to money compensation, provided they submit a timely claim. Whether you are a class member is determined **solely** from the records of the San Bernardino County Sheriff's Department.

Only certain class members are receiving this notice. Notice went out to other class members previously, and the court approved the settlement, to which there were no objections or opt outs. However, it was later discovered that some class members had been mistakenly left off the list. You are one of those class members, and a new round of notice has gone out to you and other class members who were left off the previous list. (For those class members who were included in the first round of notice, the deadline has already passed to submit a claim).

### 2.    What do I do to get money?

If you wish to receive money from the settlement, you must complete and submit the enclosed Claim Form.

**All Claim Forms must be completed and postmarked no later than July 19, 2019.**  If you do not timely submit your Claim Form, you will not receive any money from the Settlement. **Mail your claim form as soon as possible.**

You can download copies of the claim form at www.ALTSettlement.com. If you have questions, you can also:

Call (844) 877-5925

Email info@ALTSettlement.com

*or*

Write to **ALT Settlement**, c/o JND Legal Administration, P.O. Box 91307, Seattle, WA 98111.

### 3.    What is this lawsuit about?

This lawsuit challenged the treatment of gay, bisexual and transgender ("GBT") inmates who were housed in the ALT. The lawsuit claimed that GBT inmates were discriminated against in various ways, including, among other things, that GBT inmates 1) were automatically placed in the ALT if they self-identified as GBT; 2) would have been at risk for their safety if admitted to the general population as openly GBT inmates because the San Bernardino County Sheriff's Department did not have plans or programs to ensure their safety; 3) had no or inadequate PREA programs in place to protect GBT inmates or address particular vulnerabilities of GBT inmates placed in the general population; 4) were limited in their time-out-of-cell generally to an hour and a half per day, and often less, in contrast to similarly situated (by classification or sentencing status) general population inmates; 5) were denied the same work opportunities that were provided to similarly situated (by classification or sentencing status) general population inmates; 6) were denied the same programming opportunities[1] that were provided to similarly situated (by classification or sentencing status) general population inmates; and 7) were denied a comparable range of religious services to those available to the general population.

What court is in charge of this case?The Court in charge of the case is the United States District Court for the Central District of California, located in Riverside, California.  The case is known as *McKibben, et al. v. McMahon, et al.,* Case No.14-2171-JGB-SP. The Judge is The Honorable Jesus Bernal.

---

[1] Programming opportunities include classes in anger management, thinking for change, living skills, parenting skills, substance abuse prevention, GED preparation, high school diploma, literacy, automobile mechanics, bakery occupations, culinary/reading enrichment, computer skills, HVAC training, fire camp vocational training, employment readiness, and re-entry services.

4.     **Why is there a settlement instead of a trial?**

Early in this case, the parties agreed to explore settlement negotiations instead of continuing litigation. When settlement negotiations began, the primary objective was to improve the conditions of the ALT. After the parties reached an agreement on policy changes, they negotiated money compensation for individuals who had been housed in the ALT.  The class representatives and their attorneys think that the proposed settlement is a fair, reasonable and adequate resolution of this case.

5.     **What Does The Settlement Provide?**

The Settlement has three parts – injunctive relief (changes to how the ALT and the San Bernardino County jails operate in the treatment of GBT inmates); payment of compensation to the Class Representatives and the class members; and attorney's fees. We briefly describe each below.

a.  **Injunctive Relief** – The injunctive relief is extensive and difficult to summarize. The full agreement is posted on the settlement website www.ALTSettlement.com.  It changes the name of the ALT to the GBTI (Gay Bisexual Transgender Intersex) Unit. It establishes a PREA ("Prison Rape Elimination Act")-GBTI Committee that includes classification, programming and social work personnel that will make individualized determinations regarding housing, programming and work opportunities for GBTI inmates after conferring with them. It provides guidelines for housing, classification, work and programming options for GBTI inmates and for equal tier time for the GBTI Unit as for general population inmates. It establishes training guidelines for personnel on GBTI issues and for GBTI inmates regarding their rights. It addresses particular issues related to transgender inmates. It provides that Class Counsel will be consulted on the policies to be implemented and for reports and monitoring of the Agreement for three years.

b.  **Damages to the Class**

The total damages to the class (which has 929 individuals in it) is $950,000, which will be placed in a class fund overseen by a professional Class Administrator.

Plaintiffs' counsel are proposing payment of special compensation to the 15 Class Representatives of a total of $55,500 (in individual amounts between $2000-$5500) for their roles in bringing and advancing the case. After these payments, approximately $894,500 will be divided among the class members who file timely claims, based on a formula approved by the Court.

Under the formula, class members will receive a certain number of points for each incarceration day based on the person's status during that day (pre-sentenced or sentenced, work eligibility and classification) and the overall conditions in the ALT on that day. Each class member's total points represent the sum of their daily points. The total points for each class member will then be added together, from which the

class member's share of the recovery will be determined. Because it is anticipated that not all class members will make Timely Claims, a claiming class member's share will be based on that class member's share of the total points for class members who made Timely Claims (and not on eligible class members). This has the effect of increasing the amount awarded to claiming class members.

No claiming individual class member will receive less than $40 or more than $10,000 regardless of the amount above or below those figures due them under the formula.

c.  **Attorney's Fees and Litigation Costs**

The Court will be asked to award Plaintiffs' counsel $1,100,000 in statutory attorney's fees plus litigation costs. This is separate from the $950,000 class fund to be distributed to class members. This figure is a substantial discount from the fees that would otherwise have been claimed (separate from compensation to class members) because Plaintiffs' counsel considered the injunctive relief a model. These fees must ultimately be approved by the Court after satisfying itself they are reasonable and fair.

## 6.    Are there lawyers representing me? How much will they be paid?

As a class member, you are represented by the ACLU of Southern California and the law firm, Kaye, McLane, Bednarski and Litt. These are the lawyers who have been handling the lawsuit for the past five years. They are referred to as "Class Counsel" and were appointed by the Court to represent the class.

You will not be asked to pay your own personal money for the services these attorneys have provided you. Instead, the lawyers will be paid separately by San Bernardino County, after approval by the Court. Class counsel will ask the court to award Class Counsel $1,100,000. The Court can award less than that amount, but not more.

It is your right to hire your own lawyer to advise you about your rights, options or obligations as a Class Member in this lawsuit.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 7.    How do I tell the Court if I do not like the settlement or the attorneys' fees?

You can remain a class member and object to any part of the settlement. If you object, you must tell the court specifically what you think is unfair about the settlement or request for fees.

To do this, mail a written statement explaining the reason why you object. Include your name, address, telephone number. At the top of the page, write the case name and number (*McKibben v. McMahon*, Case No. 5:14-CV-02171-JGB-SP). Do not forget to sign the statement. (If you previously used a different name, include any names you have used.)

Your objections must be mailed and postmarked no later than July 19, 2019. Send your objection to all of the people in the chart below.

LA #4853-0496-8855 v1

| | | |
|---|---|---|
| Clerk of the District Court<br>United States District Court<br>Central District of California<br>3470 Twelfth Street<br>Courtroom 1<br>Riverside, CA 92501-3801 | Barrett S. Litt<br>Attn: Julia White<br>Kaye McLane, Bednarski & Litt<br>975 E. Green St.<br>Pasadena, CA 91106 | Nathan A. Oyster<br>Burke, Williams & Sorensen<br>444 S. Flower St.<br>Suite 2400<br>Los Angeles, CA 90071 |

The Court will consider your objection and decide whether to overrule it or change the settlement agreement. Either way, you remain a member of the class and will be bound by the settlement agreement and will get your share of the settlement. (This means you're giving up claims against the LASD for violations covered by this case.)

If you wish to appear at the hearing and argue your objection, tell the court you wish to do so.

## 8.    Can I exclude myself from the settlement?

If you want to remove yourself from the lawsuit entirely, or if you want to be able to file your own lawsuit, or be part of a different lawsuit, then you must take steps to exclude yourself. This is sometimes is referred to as "opting out" of the class.

To do this, mail a written statement that you wish to exclude yourself or similar words. Include your name, address, and telephone number. You do not need to explain why you wish to be excluded. At the top of the page, write the case name and number (*McKibben v. McMahon*, Case No. 5:14-CV-02171-JGB-SP).  Do not forget to sign the statement.

You must mail your Exclusion Request, postmarked no later than July 19, 2019**,** to:

*McKibben v. McMahon* Settlement Administrator
    **ALT Settlement**
    c/o JND Legal Administration
    P.O. Box 91307
    Seattle, WA 98111

## 9.    What if I do nothing?

If you do not file a claim, you will receive no money from the settlement, **and** you will be giving up your rights against San Bernardino County. **Be sure to file a claim form unless you exclude yourself.**

## 10.    Am I giving up any rights?

People who submit claims, object, or do nothing, give up their right to sue San Bernardino County (or its employees) for claims covered by this case. This means that you will not be able to sue San Bernardino County for conditions of confinement while you were housed in the ALT.

The released claims (claims you give up) include any claims that were or could have been asserted in the complaint based on the facts alleged, specifically for the conditions and

treatment, including discriminatory treatment, in the ALT during the time covered by this settlement. Released claims do not include any other claim(s) that a plaintiff or class member may have against Defendants for conduct not covered by this Settlement (for example, a claim for an incident of use of force unrelated to this suit).

## 11. When will the Court decide whether to approve the settlement?

The Court has scheduled the Fairness Hearing for August 12, 2019, at 9:00 a.m. in Courtroom 1 in the United States District Courthouse for the Central District of California, 3470 Twelfth Street, Riverside, CA 92501-3801.

At this Hearing, Judge Bernal will consider whether the Settlement is fair, reasonable and adequate, and will determine the amount of attorneys' fees and costs to be awarded. If there are any objections, the Court will consider and rule on them.

You do not have to attend the hearing, but you may attend if you wish. You may only speak at the hearing if you submitted objections as provided in the question above entitled "How do I tell the Court if I do Not like the settlement or attorneys' fees?"

## 12. When will I receive money from the settlement?

No money will be paid until after the settlement funds are deposited with the settlement administrator, which will only occur after all possibilities of appeal are completed. After that it may two months, and possibly more, to process the claims and send the money to the class members. The earliest money will be paid is September 2019.

If you file a claim and do not receive money within six months after **July 19, 2019**, check the website (ALTSettlement.com), or contact the Class Administrator (see below).

## 13. What if I still have questions?

For more information, go to www.ALTSettlement.com

If you have questions, call **1-844-877-5925**, email info@ALTSettlement.com, or write to:

> **ALT Settlement**
> c/o JND Legal Administration
> P.O. Box 91307
> Seattle, WA 98111

LA #4853-0496-8855 v1

**EXHIBIT B**

**SUPPLEMENTAL NOTICE OF CLASS ACTION SETTLEMENT**
*McKibben, et al. v. McMahon, et al.*
Case No. 14-2171-JGB-SP, U.S. District Court, Central District of California
Page 1

---

**Why Am I Receiving This Notice?**
You are receiving this notice as one of the 187 class member who previously
submitted an approved claim in the McKibben class litigation.  As explained
below, the parties have reached an amended settlement that increases both the size
of the class fund and the number of class members. Thus, this supplemental notice
is being provided to you.

**Why Is There An Amended Settlement?**
The parties discovered 274 additional people who are class members in this case
who did not receive the initial class notice.  These 274 supplemental class
members will receive notice of the amended settlement, along with the right to
object to the settlement and to exclude themselves from the settlement.

**Have The Terms Of The Settlement Changed?**
There are two changes to the settlement that differ from the information provided
to you in the initial class notice.  First, the total number of potential class members
has increased from 655 to 929.  Of the initial 655 individuals who received class
notice, only 187 individuals asserted claims (and only those 187 are receiving this
notice).  Second, Plaintiffs and Defendants have agreed that certain mediation and
consulting costs will now be paid for by the County.  As a result, the total amount
to be distributed to class member damages will increase by over 9.3% from
$818,195.91 to $894,500.00.

**When Will The Amended Settlement Become Final?**
The final approval hearing for the amended settlement shall be held on August 12,
2019 at 9:00 a.m. in Courtroom 1 of the United States District Court for the Central
District of California, Eastern Division, which is located at 3470 12th Street,
Riverside, California 92501.  If there are no objections to the settlement, the
hearing shall be vacated.

**Will This Change Impact The Amount Of My Payment?**
As explained in the initial class notice, class members will be compensated based
on a formula that assigns points to each day in custody, with the point total varying
from 20 points per day to 100 points per day depending upon the specific
conditions of confinement.  Class counsel has determined that the total points
available to the 274 supplemental class members is an increase of approximately

**SUPPLEMENTAL NOTICE OF CLASS ACTION SETTLEMENT**
*McKibben, et al. v. McMahon, et al.*
Case No. 14-2171-JGB-SP, U.S. District Court, Central District of California
Page 2

---

7% to the total points available to the initial 655 class members.  By comparison,
the amended settlement results in an increase of 9.3% in the class member
damages pool. Thus, if the added class members file claims at a similar rate to the
initial claims rate, your award may increase somewhat, but that is not guaranteed.

**Do I *Need* To Do Anything In Response To This Supplemental Notice?**
No.  You have already asserted a claim that has been approved by the class
administrator.  If you do nothing, payment will be issued to you once the amended
settlement is final.

**Do I Have The *Option* To Do Anything?**
Yes.  You have the option to object to the settlement, and you also have the option
to exclude yourself from the settlement. Even though you had that right previously,
and did not choose to object or exclude yourself, you have the right to do so again
if you so choose.

**How Can I Object To The Amended Settlement?**
Complete information on objecting to the settlement in contained in paragraph 15
of the initial class notice and can be found at www.altsettlement.com.  You must
mail your objections and any supporting papers by First-Class mail, postmarked no
later than July 19, 2019, to the Court and all counsel as follows:

| | | |
|---|---|---|
| Clerk of the District Court<br>United States District Court<br>Central District of California<br>3470 Twelfth Street<br>Courtroom 1<br>Riverside, CA 92501-3801 | Barrett S. Litt<br>Attn: Julia White<br>Kaye McLane, Bednarski & Litt<br>975 E. Green St.<br>Pasadena, CA  91106 | Nathan A. Oyster<br>Burke, Williams & Sorensen<br>444 S. Flower St.<br>Suite 2400<br>Los Angeles, CA  90071 |

**How Can I Exclude Myself From The Amended Settlement?**
To exclude yourself from the amended settlement, you must send a letter by First-
Class mail clearly stating that you want to be excluded from McKibben v.
McMahon.  Be sure to include your name, address, telephone number, and
signature.  The name and address of your attorney is not sufficient.  You must mail
your Exclusion Request, postmarked no later than July 19, 2019, to:

**SUPPLEMENTAL NOTICE OF CLASS ACTION SETTLEMENT**
*McKibben, et al. v. McMahon, et al.*
Case No. 14-2171-JGB-SP, U.S. District Court, Central District of California
Page 3

---

**ALT Settlement**
c/o JND Legal Administration
P.O. Box 91307
Seattle, WA 98111

**What If I Have Additional Questions?**
You may contact the class administrator via telephone at 1-844-877-5925 or via
email at info@ALTSettlement.com.  You may also access materials at the
settlement website, www.ALTSettlement.com.